Filed 2/24/26  P. v. Smith CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MELTON LADON SMITH, <br><br> Defendant and Appellant. | F089296 <br><br> (Super. Ct. No. SF021210A) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Keenan Perkins, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Peña, J. and Harrell, J.

Appointed counsel for defendant Melton Ladon Smith asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal. Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## PROCEDURAL BACKGROUND

The District Attorney of Kern County filed an amended complaint on December 1, 2023, charging defendant with vandalism of property valued in excess of $400 (Pen. Code,[1] § 594, subd. (b)(1); count 1), misdemeanor damaging a prison or jail (§ 4600, subd. (a); count 2), and misdemeanor tampering with a fire alarm (§ 148.4, subd. (a)(1), count 3). The amended complaint also alleged that defendant had been convicted of prior strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). Defendant waived his right to a preliminary hearing and admitted there was sufficient evidence to hold him to answer. After an information was filed, defendant pleaded not guilty and denied the allegations.[2]

Defendant pleaded no contest to count 1 on November 4, 2024, as part of an agreement with the prosecutor who would recommend the low term 16-month sentence with credit for time served and move to dismiss the strike allegations and remaining

---

[1]    Undesignated references are to the Penal Code.

[2]    The appellate record does not contain the information, but the trial court minutes indicate that it contained the same charges as the amended complaint.

2.

charges.  It was further agreed that if defendant did not have sufficient credits for a time-served sentence, he could withdraw his plea.  Defendant executed a declaration in which he acknowledged awareness of the charges, his desire to plead no contest, his attorney's explanation of the nature of the charges and defenses, receipt of advice as to his constitutional rights, understanding of his constitutional rights, and that his decision to plead no contest was voluntary and not coerced.

Defendant orally advised the court that he wished to proceed with the plea on the terms discussed.  In response to questioning by the trial court, defendant acknowledged that his initials on the plea declaration indicated that he intended to give up his rights and take advantage of the plea agreement.  The parties stipulated to a factual basis for the plea, and defendant responded to the court, "I plead no contest," when asked for his plea to count 1 (felony vandalism).  After additional clarification as to the effect of a mandatory post-release supervision term on a time-served sentence, defendant advised the court that he intended to go forward with the plea and again entered a plea of no contest.

The court accepted defendant's no contest plea and found that defendant understood the nature of the charge and consequences of his plea and that he freely and voluntarily entered his plea after having been advised of and waiving his constitutional rights.  On the prosecution's motion, the court dismissed the prior strike conviction allegations and remaining charges.

After the trial court pronounced defendant's sentence on December 5, 2024, he requested to withdraw his plea, and the court continued the sentencing hearing for 30 days.  On January 9, 2025, defendant did not object to defense counsel's statement that defendant was willing to proceed with sentencing.  The court sentenced defendant to the low term of 16 months in prison, deemed to be served in full as agreed, and further ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), $300 restitution and stayed parole revocation restitution fines (§§ 1202.4, subd. (b), 1202.45), a $10 crime

prevention fee (§ 1202.5), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8, subd. (a)).  Defendant then objected to being sentenced and advised that he wanted to be sentenced on the instant matter after sentencing in other pending cases.  The court advised defendant to discuss the matter with counsel and file a motion because he failed to object earlier in the hearing when the court asked whether he was ready to proceed with sentencing.

Defendant filed a timely notice of appeal on January 31, 2025, in which he indicates that he intends to challenge the validity of his plea.  Defendant alleged the following in his request for a certificate of probable:  His constitutional rights were violated; He never entered a plea of guilty or no contest; The trial court ignored his statements that he did not understand and wanted to go to trial; Defense counsel forced him to enter the plea even though he expressed that he did not wish to do so; The amount involved in the vandalism was less than $1,000; Count 1 should not be a felony; and He did not agree to a 16-month sentence.

The trial court granted defendant's request for a certificate of probable cause, and we granted defendant's additional motion to construe his notice of appeal to include challenges to the sentence and other matters not affecting the validity of his plea.

## DISCUSSION

Section 1237.5 provides:  "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, … except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."  A certificate of probable cause is a condition precedent to any appeal within the scope of section 1237.5.  (Cal. Rules of Court, rule 8.304(b)(1); *People v. Mendez* (1999) 19 Cal.4th 1084, 1098–1099.)

Contrary to defendant's declaration in support of a certificate of probable cause, we have found no violation of his constitutional rights. Defendant advised the court that he was pleading no contest to count 1 twice during the change of plea hearing. Defendant never expressed any hesitancy or lack of understanding regarding the plea agreement, and his only question to the court involved whether he would be subject to a term of probation or parole. Therefore, the record does not support defendant's claim that he did not understand the nature of his plea, nor does it support defendant's claim that he advised the court that he wished to go to trial.

Defendant's claim that the amount involved in the vandalism was less than $1,000 does not foreclose a felony conviction, which requires an amount in excess of $400. We note that defendant stipulated that the evidence was sufficient to hold him to answer for that charge when he waived his right to a preliminary hearing and to the factual basis for his plea to that charge during his change of plea hearing. Finally, we note that the trial court advised defendant prior to pleading no contest that the plea would be to count 1 and provided for a low term 16-month sentence, and defendant specifically acknowledged his understanding of that agreement to the court.

We have examined the entire record and are satisfied that defendant's appellate counsel fully complied with his responsibilities and there are no arguable issues on appeal. (See *Wende, supra*, 25 Cal.3d at pp. 440–441.) Defendant was advised of his constitutional rights and the consequences of his plea before he entered it. The trial court found that his waiver of rights was knowing and intelligent, the plea was made freely and voluntarily, and there was a factual basis for the plea. The court relied on proper factors in denying probation and sentencing him to the low term of 16 months in prison, which was a sentence that was expressly permitted under the plea agreement. He was represented by counsel throughout the proceedings.

We have reviewed the record and found no arguable error that would result in a disposition more favorable to defendant.  (*Wende, supra*, 25 Cal.3d at p. 443.) Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.